IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TENNESSEE VALLEY AUTHORITY<br><br>Plaintiff<br><br>v.<br><br>UNITED STATES<br><br>Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 01-249-C<br>(Judge Lettow) |

**TVA'S SUPPLEMENTAL BRIEF ON THE PROPER SCOPE OF DAMAGES IN THIS ACTION**

**STATEMENT**

Pursuant to the Court's invitation at the April 2, 2004 oral argument, Plaintiff Tennessee Valley Authority (TVA) hereby submits its supplemental brief on the scope of damages proof which should be applied to this action. As discussed below, TVA's position is that the appropriate course for the Court is to issue an order based upon the principles set forth in the Restatement (Second) of Judgments regarding exceptions to the general rule barring claim-splitting which would provide either (1) that the Government has acquiesced in TVA's proposal that damages be tried through the close of TVA's most recently ended fiscal year without prejudice to TVA's right to bring further actions for subsequently incurred damages, or (2) that, regardless of the Government's acquiescence, the unique circumstances of this action merit a ruling that TVA may sue from time to time for damages incurred subsequent to the close of the most recent fiscal year prior to trial. In either instance, the order should

clarify that the statute of limitations for such damages claims will run six years from the date the actual damages are incurred.

**DISCUSSION**

Without doubt, the damages issues arising from the failure by the Department of Energy (DOE) to dispose of spent nuclear fuel (SNF) under the Standard Contract present a unique legal setting. For example, despite Defendant's breach of contract which has resulted in a failure to perform that is currently projected to last at least twelve years, TVA realistically cannot declare a total breach of contract, cover elsewhere, and sue for damages. This is so because no alternative supplier for such services exists; and, even if there were such a supplier, TVA's lack of a contract with DOE for the disposal of spent nuclear fuel would place TVA's nuclear operating plant licenses at risk. (Indeed, even the calculation of cover damages would be virtually impossible because TVA does not know yet what it would have paid to the Government over the course of the Standard Contract had the Government not breached.) For the same reasons, TVA cannot effectively seek restitution. Thus, the Court must determine how the parties are to try damages in a partial breach situation which itself is of uncertain duration.

As indicated at oral argument, neither TVA nor the Government thinks it appropriate for the Court to consider damages occurring in the future. Limiting the scope of the damages proof to damages already incurred would significantly reduce trial time, would obviate the need for expert testimony regarding such disparate issues as the types and amounts of future expenses that will be incurred (ranging, for example, from light bills, to security requirements, to the number and amount of

storage casks necessary, to the date upon which DOE's continuing breach may end, to discount rates, etc.). Finally, this approach is fundamentally fair to both parties in that TVA will recover, and DOE will pay, only those costs actually incurred as a result of the breach. [1]

Despite the similarity of the parties' positions, the legal path each urges upon the Court as a basis for decision differs. In its February 27, 2004 filing (Defendant's Motion for Leave to Notify the Court of Argument to be Raised at Trial or, in the Alternative, *In Limine* (Def. Mot.)) in the *Indiana Michigan* case (No. 98-486 C), the Government argues that damages for a partial breach of contract are limited to those that already have been incurred, that, to the extent "additional partial breaches occur in the future," plaintiff can "seek appropriate relief at that time," and that such an approach will "avoid the need for abject speculation about future events" (Def. Mot. at 5-6, 7, & 9). Thus, the Government posits that black letter contract law provides that at most, a plaintiff in a suit alleging a partial breach can recover damages for nonperformance only to the time of trial and may not recover damages for future nonperformance (*id*. at 5).

The Government's position, however, assumes that the appropriate legal analogy is to a contract such as an installment contract which involves a series of discrete breaches for which successive actions are the appropriate legal means for securing damages as they are incurred. Both the contract and the breach involved in

---

[1] As of the close of fiscal year 2003, TVA had incurred damages amounting to $24,590,966.81 in connection with the ongoing construction of dry storage facilities at TVA's Sequoyah and Browns Ferry Nuclear Plants.

this action, however, are *sui generis*; and compelling reasons argue against using precepts developed in installment contract cases. Most significantly, the Government here is not committing a series of recurring partial breaches, each of which results in discrete damages; instead, all TVA's damages spring from the Government's conceded twelve-year continuing delay from 1998 through 2010 rather than being discretely linked to individual failures to pick up SNF in a given year. As a result, the action is more akin to a typical delays case or commodity action in which the nonbreaching party may receive its contract expectancy, including future damages.

In TVA's view, then, the Government's approach raises potential claim preclusion issues for a future TVA action for the very reason that TVA's claim obviously arises out of a single transaction or series of transactions related to the Government's breach of the Standard Contract.[2] That factor represents the classic criterion for determining whether principles of merger or bar should be applied in a subsequent action. *See* Restatement (Second) of Judgments § 24 (1982); *Alyeska Pipeline Serv. Co. v. United States*, 688 F.2d 765, 769 (Ct. Cl. 1982).

---

[2] Although various damages issues may be isolated and treated independently in this action, TVA does not think that the Court may avail itself of the procedure set forth in Rule 54(b) of the Rules of the Court of Federal Claims because all of TVA's damages spring from a single injury. As the Federal Circuit recently pointed out, "The resolution of individual issues within a claim does not satisfy the requirements of Rule 54(b)." *Houston Indus., Inc. v. United States,* 78 F.3d 564 (Fed Cir. 1996). *See also Adams v. United States*, 51 Fed. Cl. 57, 59-60 (2001) (denying Rule 54(b) motion to sever compensatory damages claims from interest and liquidated damages claims because what is being sought is no more than "different relief springing from a single injury").

To accommodate extraordinary situations, however, the Restatement (Second) of Judgments (1982) also identifies procedural avenues for avoiding the problem:

> § 26. Exceptions to the General Rule Concerning Splitting
>
> (1) When any of the following circumstances exists, the general rule of § 24 [concerning splitting of claims] does not apply to extinguish the claim, and part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant:
>
> (a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; or
>
> (b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action; or
>
> . . . .
>
> (e) For reasons of substantive policy in a case involving a continuing or recurrent wrong, the plaintiff is given an option to sue once for the total harm, both past and prospective, or to sue from time to time for the damages incurred to the date of suit, and chooses the latter course . . . .[3]

As the above sections show, it is a relatively straightforward matter to accomplish the Government's aim of limiting present damages payouts while preserving TVA's right to full reimbursement. Most obviously, in accordance with subsection 1(a) of the Restatement, the Government could choose to acquiesce expressly to TVA's proposal. *See, e.g.*, *Epic Metals Corp. v. H.H. Robertson Co.*, 870 F.2d 1574, 1576-77 (Fed.

---

[3] In *Young Eng'rs, Inc. v. United States Int'l Trade Comm'n*, 721 F.2d 1305, 1314-15 (1983), the Federal Circuit adopted the principles set forth in the Restatement of Judgments regarding claim-splitting.

Cir. 1989). Alternatively, the Court could enter an appropriate order preserving TVA's rights under the rationales set forth in subsections (1)(b) or (1)(e) of the Restatement.[4] Regardless of the approach taken, the effect of such an order would protect the rights of both parties while simplifying trial issues.

**CONCLUSION**

For the reasons stated and upon the authorities cited, the Court should (1) enter an agreed order, pursuant to the Restatement § 26(1)(a), stating that the Government has acquiesced in TVA's proposal for trying damages through the end of the most recently closed fiscal year prior to trial without prejudice to TVA's right to bring a further action or, (2) if the Government refuses to acquiesce, rule, pursuant to

---

**4** At oral argument, counsel for the Government suggested the cutoff date for proof of damages could be the date of suit (see, e.g., § 26(1)(e) of the Restatement (Second) of Judgments) or the date of trial (see, e.g., 9 Corbin on Contracts § 956, at 747 (interim ed. 1979)). The Government did not indicate whether it would agree to use the close of TVA's most recent fiscal year. In the absence of Government acquiescence, however, the Court still would appear to have flexibility under § 26(1)(b) of the Restatement to use the close of TVA's fiscal year as the most reasonable and logical cutoff date.

the Restatement § 26(1)(b), that proof of damages may be made through TVA's most recently closed fiscal year with TVA retaining the right to bring additional actions for subsequent damages incurred.

Respectfully submitted,

April 14, 2004

Maureen H. Dunn
General Counsel

Edwin W. Small
Assistant General Counsel

s/Peter K. Shea_________
Peter K. Shea
Senior Attorney
Telephone 865-632-7319

Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Facsimile 865-632-6718

Attorneys for Tennessee Valley Authority

003710387