IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01-249C |
| | ) | (Judge Lettow) |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to Appendix A of the Rules of the Court of Federal Claims ("RCFC") and the Court's June 2, 2004 order, the parties respectfully submit the following joint status report. The parties answer the questions listed in Appendix A, ¶ 4, as follows:

(a) **Jurisdiction**

1. Plaintiff's position: This Court (Judge Bruggink) has ruled that jurisdiction over TVA's Complaint is proper. *See TVA v. United States*, 51 Fed. Cl. 284 (2001).

2. Defendant's position: In its decision dated December 26, 2001, the Court previously resolved jurisdictional issues that the Government raised regarding the plaintiff's ability to sue the United States in Federal court. Beyond those jurisdictional issues that were the subject of that December 26, 2001 decision, defendant asserts that it has not identified any other basis at this time upon which to question the Court's jurisdiction to entertain this action.

(b) **Consolidation**

1. Plaintiff's position: By order dated January 30, 2004, this Court (Chief Judge Damich) rejected Defendant's attempt to renew its motion to consolidate this case and other pending spent nuclear fuel cases. The TVA case should not be consolidated because, among other things and as noted in this Court's June 2, 2004 opinion and order, TVA's positions

regarding issues such as the acceptance rate and the delivery commitment process differ significantly from those of other plaintiffs and because TVA's damages are necessarily unique to TVA.

2. Defendant's position: Defendant has previously requested that the Court reassign all of the spent nuclear fuel cases to a single judge, followed by consolidation for the purpose of resolving issues surrounding the spent nuclear fuel acceptance schedule terms of the Standard Contract. The Court has not granted the Government's request. Nevertheless, the Government continues to believe that reassignment and consolidation of the spent nuclear fuel cases, which would permit resolution of issues surrounding the schedule terms that appear in every Standard Contract, is appropriate. Beyond that request for reassignment, defendant has not identified any other case pending before this Court that involves the specific nuclear power plants at issue in this case and, therefore, has not identified any additional reasons for seeking consolidation with any other cases.

(c) **Bifurcation**

1. Plaintiff's position: This Court already has ruled that the TVA case should proceed to a trial on damages, *TVA v. United States*, 60 Fed Cl. 665 (2004); and, in any event, any liability issues remaining will be intertwined with proof of damages.

2. Defendant's position: Defendant has not identified any reason that the remaining issues in this case should be bifurcated for purposes of any trial of this action.

(d) **Deferral Pending Other Proceedings**

1. Plaintiff's position: The Court already has ruled that this case should proceed to trial on damages. As the Court indicated in its June 2, 2004 order, there is no reason

to defer discovery and a trial on damages in TVA's case, particularly given that TVA's positions on the take rate, the delivery commitment process, and the scope of damages differ from those of other plaintiffs as does TVA's claim for damages.

2. Defendant's position: At this time, defendant will not request a stay of discovery or trial in this case.

(e) **Remand Or Suspension**

1. Plaintiff's position: No remand or suspension is appropriate, and the Court already has ruled that this case should proceed to trial on damages.

2. Defendant's position: Defendant does not seek a remand or suspension of this case at this time, beyond the request for remand that defendant previously included in its motion for partial summary judgment regarding the rate of spent nuclear fuel acceptance and that the Court has already decided.

(f) **Additional Parties**

1. Plaintiff's position: No additional parties are necessary.

2. Defendant's position: Outside the context of the issues raised in its motion to reassign the spent nuclear fuel cases to a single judge, defendant has not identified a basis upon which to join additional parties to this action at this time.

(g) **Parties' Intentions As To RCFC 12(b), 12(c) And 56 Motions**

1. Plaintiff's position: TVA may file a Rule 56 motion for partial or full summary judgment on damages issues based upon further discovery.

2. Defendant's position: During the discovery process, defendant will evaluate whether motions for summary judgment or partial summary judgment regarding some or all of plaintiff's damages claims are appropriate.

(h) **Relevant Factual And Legal Issues**

1. Plaintiff's position: The relevant factual issues for trial in 2005 are:

1. Was TVA required to build dry storage facilities for spent nuclear fuel as a result of DOE's breach of contract in failing to pick up spent nuclear fuel from TVA during the period 1998-2010?

2. What amount of damages has TVA suffered through TVA's 2004 fiscal year as a result of DOE's breach of contract?

2. Defendant's position: Based upon the Court's decision, dated June 2, 2004, resolving various legal issues in this case, and without waiving defendant's right to challenge those rulings at an appropriate time in the future, defendant states that the remaining relevant issues for resolution in this case include the following: whether each of plaintiff's claimed damages was caused by the Department of Energy's partial breach of plaintiff's contract, is reasonable and properly supported, and is otherwise recoverable as a result of the partial breach.

(i) **Likelihood of Settlement**

1. Plaintiff's position: TVA has sought, and will continue to seek, a resolution of the case that will not require a trial.

2. Defendant's position: As discovery progresses, defendant will continue to evaluate whether an amicable resolution of this case is possible.

(j) **Do the Parties Anticipate Proceeding to Trial**

1. Plaintiff's position: Yes.

2. Defendant's position: Defendant anticipates that, if the parties do not resolve this matter amicably, the parties will proceed to trial.

(k) **Electronic Case Management**

1. Plaintiff's position: Electronic case management already has been implemented.

2. Defendant's position: Defendant is not currently aware of any electronic case management needs.

(l) **Other Information Of Which The Court Should Be Aware At This Time**

1 Plaintiff's position: None.

2. Defendant's position: Although we anticipate, based upon our conversations with counsel for plaintiff, that the Court may not need to involve itself in discovery issues or discovery disputes in this case, we believe it appropriate to make the Court aware at this time of the Government's position regarding additional discovery by the various plaintiffs in the spent nuclear fuel cases. As the Court is aware, there are approximately 63 spent nuclear fuel cases currently pending before this Court. We have discussed this issue with counsel for plaintiff in this case, and, based upon that conversation, it appears that the parties may not have any problems that will require the Court's involvement in discovery-related matters. However, because the Government has taken certain positions in other spent nuclear fuel cases regarding

spent fuel plaintiffs' discovery, we believe it appropriate to notify the Court of that position to maintain consistency in these cases.

As the Court may be aware, various plaintiffs in spent nuclear fuel cases pending before this Court have taken extensive discovery regarding numerous case-related issues, both through the coordinated discovery proceedings (in which numerous plaintiffs took 13 depositions of Government witnesses) and in individual spent nuclear fuel cases. Approximately 67 depositions of 46 Government witnesses have been taken in the coordinated discovery and in Yankee Atomic, Commonwealth Edison, Sacramento Municipal Utility District, and Indiana Michigan, and the Government has produced approximately 833,000 pages of documents in the coordinated discovery proceedings and in response to discovery requests served in the three Yankee cases, Indiana Michigan, and Commonwealth Edison. In addition, the Government has provided access to a records database maintained by the Office of Civilian Radioactive Waste Management ("OCRWM"), the office charged with implementing the terms of the NWPA and the Standard Contracts. These documents and depositions have covered "schedule" issues as well as the Government's expected defenses to the plaintiffs' known damages claims.[1]

The Court's rules of procedure give it "broad powers of case management, including the power to limit discovery to relevant subject matter and to adjust discovery as appropriate to each phase of litigation." Vivid Technologies, Inc. v. American Science & Engineering, Inc., 200 F.3d 795, 803-04 (Fed. Cir. 1999) (citing Fed. R. Civ. P. 16(b), (c); 26(b); 42(b)); see Olivieri v. Rodriguez, 122 F.3d 406, 409 (7th Cir. 1997) ("[a] district judge's discretion in supervising

[1/] Until the Government is provided with the actual claims of each of the plaintiffs, it cannot necessarily identify all of the claims against which it may have to defend or the defenses that it may raise.

pretrial discovery is broad"), cert denied 522 U.S. 1110 (1998). "Pretrial discovery is time-consuming and expensive; it protracts and complicates litigation and judges are to be commended rather than criticized for keeping tight reins on it." Olivieri, 122 F.3d at 409. Public officials "should not have to spent their time giving depositions in cases . . . unless there is some reason to believe that the deposition will produce or lead to admissible evidence." Id. at 409-10. Rule 26(b)(2) of the Federal Rules of Civil Procedure, which the Court has adopted, "empowers district courts to limit the scope of discovery if 'the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Patterson v. Avery Dennison Corp., 281 F.3d 676, 681 (7th Cir. 2002) (quoting Fed. R. Civ. P. 26(b)(2)); see Manual for Complex Litigation §§ 21.422 & 21.451 (1995) (encouraging parties and courts to devise methods "to facilitate the orderly and cost-effective acquisition of relevant information and materials," with a balancing of "efficiency and economy against the parties' need to develop an adequate record for summary judgment or trial" and avoidance of cumulative depositions).

In other spent nuclear fuel cases, we have requested that the Court, before any plaintiff is allowed to take additional discovery (including new depositions), should require a plaintiff in a particular case to identify, with specificity, the specific discovery that it needs and the reasons that the discovery which has already occurred does not satisfy those requirements. Although defendant has already produced the majority of these documents to the plaintiff in this case through the coordinated discovery proceedings, the Government is prepared to provide the remaining documents, deposition transcripts, and access to counsel for the plaintiff in this case and to impose no conditions upon the use of this material outside the requirements and

limitations imposed by the Court's rules and the rules of evidence. At the present time, it appears that the parties in this case may be able to resolve any issues about additional depositions without the need for the Court's involvement. However, to the extent that the plaintiff here determines during discovery that it needs to take additional discovery beyond that already taken in these cases, we will request, consistent with our position in other spent nuclear fuel cases, that the plaintiff, before taking that discovery, identify with specificity the reasons that the existing discovery does not provide plaintiff with the information that it needs and would likely, if the discovery appears duplicative and the issue could not be resolved between the parties, request that the Court assist in resolving the issue.

(m) <u>Proposed Pre-Trial Schedule</u>:

The parties have agreed that the following schedule should govern the conduct of proceedings in this case:

I. REMAINING FACT DISCOVERY: July 8, 2004 through April 15, 2005

A. RCFC 26(a)(1) Initial Disclosures

1. RCFC 26(a)(1)(A) — Individuals

TVA and Defendant: Disclosures by July 8, 2004

2. RCFC 26(a)(1)(B) — Documents and Things

TVA and Defendant: Disclosures by July 23, 2004

3. RCFC 26(a)(1)(C) — Damages Computation

TVA Disclosures: Damages reports through FY 2003 already have been disclosed. A damages submission for FY 2004 will be provided by December 1, 2004.

B. RCFC 26(a)(2) Disclosure of Expert Testimony

1. TVA's expert reports (including any FY 2004 damages), if any, and final damages submission to be disclosed by December 1, 2004

2. Defendant's expert reports (including FY 2004 damages) to be disclosed by February 15, 2005

C. Close of expert discovery:

1. Depositions of plaintiff's experts to be concluded by February 15, 2005

2. Depositions of defendant's experts to be concluded by April 15, 2005

C. Close of discovery (including discovery on FY 2004 damages): April 15, 2005

II. Appendix A Pretrial Submissions

A. Witness and Exhibit Lists: April 29, 2005

B. Plaintiff's Memorandum of Fact and Law and any supplemental witness and exhibit lists: May 13, 2005

C. Defendant's Memorandum of Fact and Law and any supplemental witness and exhibit lists: June 10, 2005

III. Motion Deadlines

A. Dispositive Motions: May 13, 2005

B. Motions *in limine*: May 13, 2005

IV. Pretrial Conference: June 13, 2005

V. Trial: July 12, 2005 (location to be determined)

Respectfully submitted,

MAUREEN H. DUNN
General Counsel

EDWIN W. SMALL
Assistant General Counsel

s/ Peter K. Shea
PETER K. SHEA
Senior Attorney
Attorney of Record
Telephone 865-632-7319

Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401
Facsimile 865-632-6718

Attorneys for Tennessee Valley Authority

Dated: July 2, 2004

PETER D. KEISLER
Assistant Attorney General

s/ David M. Cohen
DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 305-7562
Facsimile: (202) 307-2503

OF COUNSEL:

SONIA M. ORFIELD
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

Attorneys for Defendant

Dated: July 2, 2004

CERTIFICATE OF FILING

I hereby certify that on this 2nd day of July 2004, a copy of foregoing "JOINT STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/Harold D. Lester, Jr.