IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 01-249 C |
| UNITED STATES, | ) | (Judge Lettow) |
| | ) | |
| Defendant. | ) | |

JOINT STATUS REPORT

Pursuant to the Court's July 9, 2004 scheduling order, plaintiff, Tennessee Valley Authority ("TVA"), and defendant, the United States, submit the following joint status report. The Court's order directs that the parties file a joint status report on or before February 1, 2005, that addresses proposals for the place of trial. The order further indicates that the parties shall provide a preliminary estimate of the time required for trial in their report.

The parties have not been able to reach agreement on where the trial should be held. Although the Government would prefer that the trial be held in Washington, D.C., it is willing to agree to divide the trial between Chattanooga, Tennessee, the location that TVA prefers, and Washington, D.C. "The statute which creates the United States Claims Court includes a provision stating that: 'The times and places of the sessions of the Claims Court shall be prescribed with a view to securing reasonable opportunity to citizens to appear before the Claims Court with as little inconvenience and expense to citizens as is practicable.'" Tannahill v. United States, 25 Cl. Ct. 149, 152 n.8 (1992) (quoting 28 U.S.C. § 173 (1982)). Conducting TVA's case in Chattanooga and the Government's case in Washington, D.C., will achieve that purpose. The seven potential witnesses that TVA has disclosed to the Government are located in or near

Chattanooga. At this time, the Government believes it will call a minimum of 12 witnesses, the majority of whom are located in the Washington, D.C. metropolitan area, and none of which are located in the Chattanooga area. Thus, inconvenience to the witnesses and expense will be minimized if the trial is divided between the two sites. Further, given that it is likely that several of the Government's witnesses either have already testified in one, two, or three spent nuclear fuel ("SNF") trials and/or may have to testify in the future in a currently undetermined number of future SNF trials, we believe it extremely important to attempt to minimize the impositions that multiple rounds of testimony will necessarily create for these individuals. Although we cannot eliminate the need for these individuals to testify repeatedly without consolidation of the SNF cases, we can attempt to minimize the burdens of these demands by allowing them to testify in Washington, D.C., so that they do not have to travel.[1] While TVA argues that Government witnesses may be required to travel, in any event, if it calls those witnesses in its case, the Government believes such travel could still be avoided by allowing such witnesses to be called during the segment of the trial where they are located.

In conjunction with its proposal, the Government asks that the Court provide for a short break of a few days between the two segments of the trial. Without this break, it will create a serious disadvantage for the Government, as TVA will be able to prepare its witnesses in the week directly proceeding the start of its case, but the Government will not be able to do so. The

[1]Below, TVA asserts in support of its request that the entire trial be conducted in Chattanooga that DOE's contract performance was to occur at TVA's reactors. However, the witnesses who will testify at trial would not be the individuals who would travel to Tennessee to accept and transport TVA's SNF. Similarly, although, as TVA asserts, the United States Attorney has offices in Chattanooga, a different part of the Department of Justice – one without offices in Chattanooga – is responsible for this litigation.

Government also asks that, regardless of the trial's location, the trial start on Tuesday, June 21, 2005, one day later than currently scheduled. Undersigned counsel for the Government with primary responsibility for this matter will be returning to Washington, D.C., from her sister's wedding in Boston, Massachusetts, on June 19, 2005. It will be unduly difficult for her to collect all necessary trial materials in Washington, travel to Chattanooga on the same day, and be prepared to commence trial by Monday, June 20, 2004. Plaintiff's counsel does not oppose this one-day change of the trial schedule.

TVA's position is that the trial should be held in Chattanooga, Tennessee, for the following reasons:

1. TVA's nuclear organization is headquartered in Chattanooga, Tennessee. TVA's proposed witnesses live and work in the Chattanooga area, and these witnesses include TVA managers charged with operating and overseeing the nuclear plants in the Chattanooga area and completing the spent fuel storage facilities at TVA's Browns Ferry Nuclear Plant in Athens, Alabama.

2. The Department of Energy's defaulted contract performance was to occur at TVA's Sequoyah Nuclear Plant and Browns Ferry Nuclear Plant.

3. All pretrial proceedings in this action have been held in Washington, D.C., and it is appropriate to schedule some proceedings for the convenience of the plaintiff.

4. The Department of Justice has legal offices in Chattanooga, Tennessee.

5. Should the Court wish to view an ISFSI as a means of better understanding the testimony and damages claims, such a viewing could be easily arranged.

6. The Government's concern about Department of Energy employees testifying

repeatedly easily may be ameliorated. TVA is willing to stipulate that former admissible testimony given under oath by those employees is admissible in this proceeding. Also, TVA may wish to call Government employees as part of TVA's case which necessarily would require attendance in Chattanooga, even were the Court to adopt the Government's proposal.

Alternatively, should the Court determine that its schedule cannot accommodate a trial held entirely in Chattanooga, TVA requests that the trial of this matter be divided between the two suggested venues of Chattanooga and Washington, D.C., as the Court may find appropriate.

TVA currently anticipates that its proof at trial will not take longer than four days. This estimate does not account for any potential cross-examination by defendant and also is based upon TVA's hope that the Department of Justice will stipulate that TVA has incurred and paid the charges for which TVA seeks to be reimbursed, leaving for trial only the question of whether those charges are recoverable.

The Government currently estimates that its cross examination of TVA's witnesses and its case will take up to three weeks. Thus, the parties' preliminary estimate is that the trial in its entirety will take approximately four weeks.

Respectfully submitted,

s/ Peter K. Shea
PETER K. SHEA
Senior Attorney
Office of the General Counsel
Tennessee Valley Authority
400 West Summit Hill Drive
Knoxville, Tennessee 37902-1401

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Harold D. Lester, Jr.
HAROLD D. LESTER, JR.
Assistant Director

s/ Sonia M. Orfield
SONIA M. ORFIELD
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, N.W.
Washington, D.C. 20530
Tele: (202) 353-0534
Fax: (202) 307-2503

OF COUNSEL

JANE K. TAYLOR
Office of General Counsel
U.S. Department of Energy

1000 Independence Ave., S.W.
Washington, D.C. 20585

SHARON A. SNYDER
KEVIN CRAWFORD
Trial Attorneys
Commercial Litigation Branch
Civil Division
Department of Justice
Washington, D.C. 20530

February 1, 2005

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that, on this 1st day of February 2005, a copy of the foregoing "Joint Status Report" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Sonia M. Orfield