IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 01-249-C

(Filed: May 25, 2005)

TENNESSEE VALLEY AUTHORITY,

Plaintiff,

v.

UNITED STATES,

Defendant.

ORDER

In anticipation of trial scheduled to commence on June 21, 2005, the government has filed two motions *in limine*. The first is styled Defendant's Motion *In Limine* To Exclude TVA Testimony Based On The Government's Model of TVA's Costs In The But For World And Motion For Expedited Consideration ("Def.'s Model Mot."), and the second is Defendant's Motion *In Limine* To Exclude Testimony From Undisclosed Witnesses And Motion For Expedited Consideration ("Def.'s New Witness Mot."). Plaintiff Tennessee Valley Authority ("TVA") opposes both motions, although it indicates that it does not plan to adduce at trial all of the testimony as to which the government objects. Given the imminency of the trial, the court has expedited consideration of the motions, and thus the motions are granted in part. For the reasons stated below, the Model Motion is otherwise denied, and the New Witness Motion is granted in part and denied in part.

*Testimony Based On Government's Model*

The government puts forward three grounds for its motion to exclude testimony by witnesses to be called by TVA regarding a model developed by an expert for the government, Raymond S. Hartman, regarding TVA's costs. First, the government argues that any testimony by a witness appearing on TVA's behalf would be improper under Fed. R. Evid. 602 and 701(a) because any such TVA witness could not have first-hand knowledge about the basis for Mr. Hartman's model. *See* Def.'s Model Mot. at 4-5 (citing *Texas A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 403 (5th Cir. 2003); *Boston Edison Co. v. United States*, 64 Fed. Cl. 167, 181 (2005); *Cuyahoga Metro. Hous. Auth. v. United States*, 60 Fed. Cl. 481, 482 (2004)). Second, the government contends that the testimony of a TVA witness would be

improper lay opinion under Fed. R. Evid. 701 because the lay witness would not have independently verified the model and would have no basis in personal perception or experience to offer the testimony. *See* Def.'s Model Mot. at 6-9 (citing 29 Charles Alan Wright & Victor James Gold, *Federal Practice & Procedure: Evidence* § 6253, at 119-23 (1997)). Third, the government avers that any such testimony by a TVA witness should be excluded under RCFC 37(c) because it has not been timely identified as required by the court's scheduling order entered in the case. *Id*. at 9-11.

TVA has responded by explaining that Mr. Hartman's model was "used to form opinions about the present value of the costs that [TVA] would have incurred for spent nuclear fuel (SNF) dry storage facilities in various hypothetical worlds constrained by Government assumptions." TVA's Resp. to Def.'s Model Mot. at 1. The hypothetical variations are said each to have assumed that the government started accepting SNF in January 1998 and continued thereafter at one of three different acceptance-rate scenarios specified by attorneys with the Department of Justice. *Id*. TVA advises that at each of the three specified rates, Mr. Hartman concluded that TVA would have had to build dry storage facilities for SNF. *Id*. TVA further contends that it merely sought to use the model to run one additional acceptance-rate scenario, that it gained approval from the government's counsel for its technical staff to consult with Mr. Hartman's staff about the model, that those consultations took place, and that TVA's staff then ran the model using an additional, fourth scenario. *Id*. at 1-2. TVA avers that the model run with the fourth scenario indicated that "no dry storage facilities are needed at that rate." *Id*. at 2. TVA concludes by stating that it has no plans to call a witness to testify about the results of running Mr. Hartman's model at the fourth scenario of its choosing but rather that it will reserve the right to cross-examine Mr. Hartman about those results. *Id*. at 2-3. Accordingly, TVA requests that the court deny the government's Model Motion as moot.

Given these circumstances, the court concludes that there is no live controversy over the subject matter of the government's Model Motion and that the motion consequently will be denied as moot.

*Identification of New Witnesses*

By its New Witness Motion, the government seeks to bar the testimony of eight witnesses identified on a witness list served by TVA on the government on May 6, 2005. The prospective witnesses are Mark Burzynski, C. Gayle Creamer, Roy Galyon, Andrew Holmes, T. A. Keys, Michael Turnbow, George Holton, Jr., and David Humphrey. The government contends that each of these prospective witnesses was not identified prior to the service by TVA of its witness list and that as a result TVA has contravened RCFC 26(a)(1)(A) and 37(c)(1). Def.'s New Witness Mot. at 4-5. Alternatively, the government argues that it should be allowed to depose these eight newly designated witnesses before they testify. *Id*. at 5-7.

TVA responds that it is withdrawing five of the challenged eight witnesses from its witness list and that the remaining three witnesses are necessary to address new contentions

being made by the government through recently disclosed opinions being offered by the government's designated expert witnesses. TVA's Resp. to Def.'s New Witness Motion at 1-2. In this connection, TVA advises that it is withdrawing from its witness list the following persons: Mark Burzynski, C. Gayle Creamer, T. A. Keyes, Michael Turnbow, and David Humphrey. *Id.* at 2. Accordingly, the court will focus only on the three other prospective witnesses newly named by TVA: Roy Galyon, Andrew Holmes, and George Holton.

Under the Rules of the Court of Federal Claims ("RCFC"), Appendix A, ¶ 13(b), the final list of witnesses submitted by a party prior to trial is the crucial, governing disclosure. As RCFC Appendix A, ¶ 13(b) states in part, "[f]ailure of a party to list a witness [in its final witness list] shall result, absent agreement of the parties or a showing of a compelling reason for the failure, in the exclusion of that witness' testimony at trial." TVA complied with Paragraph 13(b) in its inclusion of Messrs. Galyon, Homes and Holton on its final witness list.

Contrary to the government's arguments, RCFC 26(a)(1)(A) does not override RCFC Appendix A, ¶ 13(b), and require a different result. RCFC 26(a)(1) requires a party to disclose, "without awaiting a discovery request,"

> the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information . . . .

RCFC 26(a)(1)(A). And, also as the government notes, this initial duty is subject to a further obligation that the "disclosures under subdivision (a)" be "supplement[ed] at appropriate intervals." RCFC 26(e)(1). The government contends that this duty to disclose persons who had information relevant to its claim, and to supplement that disclosure in timely fashion, required TVA to name *all* of its witnesses prior to the close of discovery. Def.'s New Witness Mot. at 5. In the circumstances at hand, TVA had no such obligation, and its disclosure of some witnesses for the first time via its final witness list was appropriate. *See Globe Sav. Bank, F.S.B. v. United States*, 61 Fed. Cl. 91, 100-01 (2004) (adding witnesses to final witness list was appropriate under RCFC Appendix A, ¶ 13(b), notwithstanding RCFC 26(a)(1)(A) and 26(e)(1)).

TVA has shown that its newly named witnesses are actually being put forward primarily to address a late-blooming factual dispute engendered by opinions proffered by an expert witness designated by the government. TVA avers that the expert, Mr. Stephen J. Kiraly, has filed a report and given deposition testimony that controverts TVA's proofs that it has paid for certain costs in mitigating the government's breach of contract. TVA's Resp. to Def.'s New Witness Mot. at 3. TVA explains that Mr. Holmes will testify about TVA's payments of its incurred costs, *id*. at 3, that Mr. Galyon will testify about the work and practices of TVA's Heavy Equipment Division that have been questioned by Mr. Kiraly, *id*. at 4, and that Mr. Holton will testify about his work and responsibilities in TVA's Nuclear Fuels organization as a replacement for an initially named witness, Donald Hutson. *Id*. at 2. In sum, TVA argues that each of these

three newly identified witnesses will testify about issues that are well known to the government and were raised principally by the government's own witnesses. Thus, there are no grounds to exclude the projected testimony of Messrs. Galyon, Holmes, and Holton. There are no surprises here.

As an alternative to exclusion of the testimony of these witnesses, the government asks that the court impose "sanctions" under 37(c)(1). Def.'s New Witness Mot. at 5. At a minimum, the government asks that it should be allowed to depose the newly designated witnesses prior to trial. *Id*. Here too, the government has cited the wrong portion of the rules, and it has shown no valid basis for imposition of sanctions. RCFC Appendix A, ¶ 13(b) addresses the circumstances at hand, not RCFC 37(c). Paragraph 13(b) in part provides that "[a]ny witness whose identity has not been previously disclosed [before submission of a party's final witness list] shall be subject to discovery." Thus, the court's rules automatically provide the alternative form of relief the government seeks, as a matter of right and not as a "sanction." *See Globe*, 61 Fed. Cl. at 101 (noting that previously undisclosed witnesses may be deposed pursuant to RCFC Appendix A, ¶ 13(b)).

**CONCLUSION**

For the reasons set out above, the government's motions for expedited consideration of its *in limine* motions are GRANTED, the government's Model Motion is otherwise DENIED as moot, and the government's New Witness Motion is otherwise GRANTED in part and DENIED in part. The three witnesses TVA newly named in its final witness list and that it still desires to call at trial will not be barred from testifying, but they shall be made available for deposition prior to trial in accord with RCFC Appendix A, ¶ 13(b) (penultimate sentence).

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge