IN THE UNITED STATES COURT OF FEDERAL CLAIMS
No. 01-249-C

(Filed: June 13, 2005)

TENNESSEE VALLEY AUTHORITY,

Plaintiff,

v.

UNITED STATES,

Defendant.

FINAL PRE-TRIAL ORDER

Pursuant to RCFC 16(e), this Final Pre-Trial Order recites the actions taken during the Pre-Trial Conference conducted in this case on June 13, 2005, and provides a framework for post-trial briefing and argument.

1. Trial on damages is scheduled for June 21-24, 27-30, and July 1, 2005 in Chattanooga, Tennessee, and July 8, 11-15, and 18-20, 2005 in Washington, D.C. Trial will begin at 9:30 a.m. and conclude at approximately 5:30 p.m. each business day during both the Chattanooga and Washington portions of the trial. In addition, plaintiff is responsible for arranging a site visit on June 25, 2005.

2. (a.) Each side will have thirty minutes for opening statements on June 21, 2005.

   (b.) Each side will have forty-seven hours for the presentation of evidence. Such time will not include time spent addressing housekeeping details, arguments on evidentiary motions, or questions posed by the court.

   (c.) Time for testimony during the site visit shall be counted against the trial time of counsel who is asking questions or eliciting testimony.

3. The parties have indicated that they are not now aware of any issues related to the authenticity of any proposed trial exhibits.

4. The parties shall provide to the court at the outset of the trial two copies of a list containing the following three columnar headings: (1) the identifying number for

each exhibit, (2) a blank space for the court to enter the name of the witness through whom each exhibit is sought to be admitted, and (3) a blank space for the court to enter the disposition of any request to admit that exhibit.

5. The original "stickered" version of each exhibit need not be provided to the court reporter during the weeks of June 21 through 24, 2005, and June 26 through July 1, 2005, when the court is sitting in Chattanooga. The stickered version of exhibits admitted during that week of trial shall be provided to the court reporter during trial on July 8, 2005, when the court is sitting in Washington, D.C. Subsequent to July 8, 2005, the parties shall provide the stickered version of each exhibit admitted at the conclusion of trial time on the day each exhibit is admitted. For both the Chattanooga and Washington portions of trial, at the time a party seeks to admit an exhibit, that party shall submit to the court two copies of such exhibit.

6. To constitute part of the factual record, each exhibit used at trial must be formally moved into and admitted into evidence.

7. The parties shall serve by hand delivery copies of each demonstrative exhibit they intend to use no less than forty-eight hours prior to using the exhibit. This paragraph applies to demonstratives used in opening and closing statements, cross-examinations, and redirect examinations. The term "demonstrative" as used herein includes so-called "talking points" for a witness, but does not include documents containing quoted matter from other exhibits.

8. The parties shall notify each other of the names of witnesses and the order in which they will testify no less than forty-eight hours prior to that witness's testimony.

9. Counsel shall not engage in substantive discussions with a witness while any portion of that witness's examination is pending.

10. (a.) *Voir dire* of any witness offered as an expert shall be conducted, and such witness must be qualified and accepted by the court as an expert, prior to any substantive testimony by such witness.

(b.) The court anticipates that expert reports will be admitted into evidence after a suitable foundation has been provided for such admission.

11. Counsel should stand when raising objections or seeking to be heard during testimony.

12. Defendant may elicit witness testimony out of turn without foreclosing its ability

to file a RCFC 52(c) motion.

13. Witnesses shall be excluded pursuant to Fed. R. Evid. 615, except that each party may have one representative present at the trial. The parties shall declare their representatives at the outset of trial on June 21, 2005. Expert witnesses shall not be subject to this exclusion.

14. Each party shall serve initial post-trial briefs by hand delivery on or before September 16, 2005, and shall serve responsive briefs by the same method on or before October 14, 2005. The parties' initial briefs shall include proposed findings of fact and be limited to fifty pages. Responsive briefs shall be limited to twenty pages.

15. Closing argument is scheduled for October 27, 2005, commencing at 10:00 a.m. Each side will have two hours, and both sides may reserve time for rebuttal.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge